UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
**FILED**
JAN 2 5 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-277-JMH

JEFFREY KYLE MARSH                                                           PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

RON PRICE, ET AL.                                                          DEFENDANTS

The *pro se* plaintiff, Jeffery Kyle Marsh, is confined at the Kentucky State Reformatory ("KSR") in LaGrange, Kentucky. On July 5, 2005 *he* filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 [Record No. 1]. On November 21, 2005, the Court entered a Memorandum Opinion and Order, and Judgment, dismissing the complaint with prejudice [Record Nos. 7 and 9].[1] On January 17, 2006, the plaintiff filed the current motion under consideration, construed as a "Motion for Relief from Judgment or Order" pursuant to Fed. R. Civ. P. 60(b) [Record No. 14].[2]

The Complaint

The plaintiff asserted two Eighth Amendment claims in his Complaint. First, he alleged that the prison officials at the Eastern Kentucky Correctional Complex ("EKCC") in West Liberty,

---

[1] In order to obtain relief from a judgment or order under Rule 60(b), a movant must demonstrate that an order (or judgment) was entered as a result of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which could not have been discovered in time to move for a new trial under Rule 59(b); and (3) fraud, misrepresentation or other misconduct of the adverse party. The Court construes the instant motion as falling under Fed.R. Civ.P. 60(b) because a Rule 59 motion must be filed within *ten* days of the entry of a judgment. The instant motion, seeking reconsideration, was filed almost two months after the entry of the Order dismissing the complaint.

[2] The plaintiff entitled his submission as "Motion for Reconsideration, As No Discovery Was Filed And Plaintiff Was In Segregation When Case Was Filed And Is Still Lodged In Segregation, And Cannot Respond" [Record No. 14].

Kentucky, failed to install necessary safety features, or guards, on a table saw which the plaintiff operated when he was confined there. He alleged that the absence of this safety feature caused him to sustain a serious bodily injury (the amputation of parts of three fingers).

Second, the plaintiff alleged that when he returned to the EKCC after surgery, the medical staff denied him necessary pain medication and other necessary medical treatments on numerous occasions throughout the summer of 2004.[3] He alleged that the continued denial of proper medical care constituted deliberate indifference to his serious medical needs. In his complaint, the plaintiff requested millions of dollars in monetary damages. He also sought an order demanding installation of safety features on all machinery and an order requiring inmates to complete a safety course.

## 2. Memorandum, Opinion and Order Dismissing

The court dismissed the complaint for four reasons: (1) the plaintiff failed to demonstrate that he had exhausted either of his Eighth Amendment claims: (2) the claim that equipment he was working on at the EKCC lacked safety features was one of negligence, not actionable under § 1983; (3) the difference of opinion between him and EKCC medical staff did not establish deliberate indifference under § 1983; and (4) alleged verbal abuse from staff was not a violation under § 1983.

## 3. Motion for Reconsideration/ Construed Rule 60(b) Motion

In his current motion, it appears that the plaintiff is alleging that because he was in the hospital and/or was detained in segregation, he could not administratively exhaust his claims through the applicable procedures established by the Kentucky Department of Corrections.

---

[3] The plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs on eight (8) separate dates in the summer of 2004.

## DISCUSSION

The Court is unable to address the plaintiff's current claims. The record reveals that on January 17, 2006, the same day that the plaintiff filed his Rule 60(b) motion [Record No. 14], he also filed a "Notice of Appeal" of the dismissal of his complaint [Record No. 13].

Once a valid Notice of Appeal is filed, a district court no longer has jurisdiction to enter orders in a proceeding. "As a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal, and at that point the appellate court assumes jurisdiction over the matter." *Pittock v. Otis Elevator Company*, 8 F.3d 325, 327 (6th Cir. 1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993). In *Pittock*, the Sixth Circuit held that the district court did not retain jurisdiction to rule on a motion for relief from judgment brought pursuant to Rule 60(b) if the notice of appeal was filed before the court decided the motion. *See also Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir.1984). As the "Notice of Appeal" in this case was filed before the Court could address the motion for relief under Fed. R. Civ. P. 60(b), the Court is without jurisdiction to address the motion.

## CONCLUSION

Accordingly, the plaintiff's "Motion for Reconsideration" construed as a "Motion for Relief under Fed. R. Civ. P. 60(b)" is **DENIED** as **MOOT**.

This 25th day of January, 2006.

JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service:

3